**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMIR KURTI,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 10-71461

Agency No. A095-180-614

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

    Pamir Kurti, a native and citizen of Albania, petitions for review of the

Board of Immigration Appeals' decision dismissing his appeal from the

Immigration Judge's order denying Kurti's applications for asylum, withholding of

removal, and relief under the Convention Against Torture.  We review the Board's

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision for substantial evidence, *Avetova-Elisseva v. I.N.S.*, 213 F.3d 1192, 1196-97 (9th Cir. 2000), and we deny the petition.[1]

Petitioner credibly testified that, when he lived in Albania, he was a member of the Democratic Party, and that he had been detained and beaten following his participation in a political demonstration. However, substantial evidence supports the Board's determination that petitioner no longer has a well-founded fear of future persecution in light of a regime change in Albania, and the continued, non-problematic residence in Albania of most of petitioner's seven siblings. *See*, *e.g.*, *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010); *Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008). Although one of petitioner's brothers was detained in 2007, petitioner did not establish that the basis for the detention was the brother's or the family's political involvement.

The Board also conducted a sufficiently individualized analysis of petitioner's circumstances, because, among other things, the Board specifically distinguished the role petitioner held in the Democratic Party, versus that of petitioner's sibling and other party members, who were severely harmed. *See*, *e.g.*, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003).

---

[1] Petitioner's motion to supplement the record on review is granted.

Petitioner's failure to establish a well-founded fear of future persecution also defeats his claim for withholding of removal. *See Sowe*, 538 F.3d at 1288.

The Board's decision to deny CAT relief is also supported by substantial evidence. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004) (denial of CAT relief supported by changed country conditions).

PETITION DENIED.